IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COOPERATIVE MEDICAL HEALTH CARE CORPORATION, P.A. 165 W. Bagley Road Berea, OH 44017 *On behalf of itself and all others similarly situated* Plaintiff, -vs- MEDICAL SYNERGY, INC. 2942 N. 24th Street, Suite 114, Phoenix, AZ 85016 Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: JUDGE **CLASS ACTION COMPLAINT AND JURY DEMAND** |

NOW COMES the Plaintiff, **Cooperative Medical Health Care Corporation, P.A**, ("Plaintiff") on behalf of itself and all others similarly situated, by and through the undersigned counsel, and hereby alleges and avers for its Class Action Complaint against Defendant **Medical Synergy, Inc.** ("Defendant") as follows:

### INTRODUCTION

1. Plaintiff brings this nationwide Class Action Complaint against Defendant for statutory damages resulting from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited marketing and advertising facsimiles to people and businesses who have not given their consent.

2. Congress has found that "Unrestricted telemarketing … can be an intrusive invasion of privacy," that "automated or prerecorded calls are a nuisance and an invasion of privacy,

1

regardless of the type of call," and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce." *Id*., Congressional Statement of Findings.

3. As a result, the TCPA prohibits the use of a telephonic facsimile machine to send unsolicited advertisements without the express permission of the recipient, creates a private right, and provides for statutory damages to redress violations of the law. *Id*.

## PARTIES

4. Plaintiff is a resident of Ohio, who received an unsolicited facsimile from Defendant on its office fax machine, which is a physical machine and not a fax server, without its consent.

5. Defendant is a foreign corporation not registered to do business in Ohio.

6. Defendant is based in Phoenix, Arizona.

7. Defendant does business as "MSI."

8. Defendant is in the business offering and selling various services to medical and chiropractic practices.

## JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10. Venue is proper in this District because Defendant directed its tortious conduct at the Northern District of Ohio, causing Plaintiff's injury here.

## FACTS

11. On or about February 20, 2020, Defendant sent an unsolicited facsimile to Plaintiff (attached hereto as Exhibit 1).

12. Plaintiff and Defendant had no prior or existing business relationship, and Plaintiff did not give Defendant its number or consent to be sent a facsimile.

13. The facsimile was two pages long and advertised Defendant's services to Plaintiff.

14. On information and belief, Defendant sent the facsimile as part of a national marketing campaign.

15. On information and belief, Defendant continues to send such facsimiles nationwide without prior consent to do so.

16. Defendant's transmission of the facsimile caused damaged to Plaintiff, including, but not limited to, monetary loss due the costs of paper, ink and toner; monetary loss due to work interruption and the loss of employee time to review the fax; invasion of privacy; nuisance; trespass to its chattel by interfering with its office facsimile used to aid patients; stress; aggravation; and because a violation of the TCPA is itself a concrete injury.

17. All members of the proposed class have suffered the same or substantially the same injury due to Defendant's conduct as described herein.

## **CLASS ALLEGATIONS**

18. Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> All persons in the United States who received a facsimile from or on behalf of Defendant advertising its services and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant, within the four years prior to the filing of the Complaint until the class is certified.

19. Numerosity: The exact number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. However, because

Defendant has chosen unsolicited facsimiles as a marketing strategy and this strategy requires contacting hundreds if not thousands of the individuals/businesses, the Class likely consists of thousands of individuals and businesses. Nonetheless, class members can be easily identified through Defendant's or its agents' records.

20. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and these questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a) Whether Defendant sent the attached fax or had it sent on its behalf;

    b) Whether Defendant had or attempted to obtain consent;

    c) How Defendant compiles its list of individuals/companies to send facsimiles;

    d) Whether Defendant has processes in place to prevent unsolicited facsimiles;

    e) Whether Defendant's conduct was willful;

    f) Whether Defendant's facsimiles were advertisements; and

    g) Whether Defendant's conduct constitutes a violation of the TCPA.

21. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

22. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff has retained counsel competent and experienced in complex litigation and class actions including TCPA cases. Furthermore, Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and they have the financial resources to do so.

23. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class, the relatively small individual recovery, and the costs of litigation.

### **FIRST CLAIM FOR RELIEF**
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

24. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25. The TCPA expressly prohibits unsolicited facsimile advertising. 47 U.S.C. § 227(b)(1)(C).

26. The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission in writing or otherwise." 47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1).

27. The Sixth Circuit looks to dictionary definitions of the word "advertising" to further clarify its meaning to "the action of calling something" of a "commercial nature" to the attention of the public." *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221-222 (6th Cir. 2015)."

28. As such, Defendant violated this provision by sending unsolicited facsimiles advertising of its services to Plaintiff and the class.

29. Accordingly, Defendant's facsimiles are regulated by the TCPA, and Defendants transmission of them without prior consent or a business relationship is unlawful.

30. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class have suffered actual damages as set forth above.

31. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff and members of the Class are each entitled to, *inter alia,* a minimum of $500 in statutory damages for each violation.

32. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class to $1,500 for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. Awarding statutory damages per statute as described above;

D. Awarding reasonable litigation expenses and attorneys' fees;

E. Awarding pre- and post-judgment interest to the extent allowable; and

F. Awarding any such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

>/s/Ronald I. Frederick
Ronald I. Frederick (#0063609)
Frederick & Berler, LLC
*Attorney for Plaintiff*

Medical Synergy, Inc.

2942 N. 24th St., Ste. 114
Phoenix, AZ 85016
Phone: 855 968 0900
Fax: 800 642 8470
www.medical-synergyinc.com



MSI

*[handwritten: I would ask you to evaluate being an Early Detection Center]*

February 10, 2020

Sent by facsimile to 4408261126
Dr. Eric Macanga
Medical Cooperative
165 W Bagley Rd
Berea, OH 44017

RE: Strategy For 2020 And Beyond - Control Your Area In An Early Detection Heart Attack And Stroke Risk "Space" (<u>In Which You Have No Competition</u>)

In Need Of A Location in Berea OH

Dear Dr. Macanga:

Thank you for your time and we hope that the 2020 decade is beginning well for you. As indicated in the tagline, we ask you to consider "controlling your area" in terms of a modality for which you would have no competition. <u>You responded to an ad placed in Dynamic Chiropractic and we hope that you choose to invest 15 minutes in a call with a Director so you can receive and overview of the program</u>. Please note:

We have a client that is seeking offices to serve as Early Detection Centers for Heart Attack and Stroke risk. Please review the following website for additional information on the program:

www.earlydetectionctr.com

1. While most Chiropractic Practices are in, what we call, the "trenches" fighting for the same patients, this program allows the participating Practice to control "virgin space" in which there is no competition.

2. Those offices that are selected will serve as the exclusive locations in their area for patients seeking to determine their risks for heart attack and stroke. The program protocols are unique and <u>very much differentiate the participating Practice from all other Practices in the area</u>.

3. Our client seeks to have 500 locations nationwide by the end of calendar year 2020 and has extended their offer of paying a training fee of <u>$7,200 to Practices within 72 hours of their acceptance into the program.</u>

**$7,200 Paid To Practices Within 72 Hours Of Acceptance**

4. As 2020 is not only the beginning of a new calendar year but of a new decade it makes sense to "rethink strategy." Why not operate in an area in which there is no

**Exhibit 1**