**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **COOPERATIVE MEDICAL HEALTH CARE CORPORATION, P.A.,** *On behalf of itself and all others similarly situated*, | **Case No. 1:21-cv-00046-PAB** |
| **Plaintiffs** | **JUDGE PAMELA A. BARKER** |
| **v.** | |
| **MEDICAL SYNERGY, INC.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendant** | |

Currently pending before the Court are Plaintiff Cooperative Medical Health Care Corporation, P.A.'s (1) Motion for Class Certification (Doc. No. 7), and (2) Motion to Proceed with Class Discovery, (Doc. No. 8), both of which were filed on April 21, 2021. Defendant Medical Synergy, Inc. did not file an Opposition to either of Plaintiff's Motions. For the reasons set forth herein, Plaintiff's Motion for Class Certification (Doc. No. 7) is CONDITIONALLY GRANTED, and Plaintiff's Motion to Proceed with Class Discovery (Doc. No. 8) is DENIED WITHOUT PREJUDICE subject to refiling, as set forth below.

## I.    Factual Allegations and Procedural Background

On January 8, 2021, Plaintiff Cooperative Medical Health Care Corporation, P.A. ("Cooperative Medical") brought this action on behalf of itself and a nationwide putative class against Defendant Medical Synergy, Inc. ("Medical Synergy") for statutory damages resulting from alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Doc. No. 1 at 1.) Cooperative Medical alleges that on or about February 20, 2020, Medical Synergy sent an

unsolicited facsimile to Plaintiff as part of a national marketing campaign. (*Id.* at ¶¶ 11, 14.) Cooperative Medical further alleges that this unsolicited fax transmission caused damage to it and members of a proposed class, including, among other alleged harms, "monetary loss due to the costs of paper, ink and toner; monetary loss due to work interruption and the loss of employee time to review the fax; . . . and because a violation of the TCPA is itself a concrete injury." (*Id.* at ¶ 16.)

Plaintiff asserts a claim under 47 U.S.C. § 227(b)(1)(C) and seeks to bring this action on behalf of the following class: "All persons in the United States who received a facsimile from or on behalf of Defendant advertising its services and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant, within the four years prior to the filing of the Complaint until the class is certified." (*Id.* at ¶¶ 18, 24-30.)

On March 19, 2021, Cooperative Medical filed a return of service on the docket (Doc. No. 3), indicating that personal service was executed upon Medical Synergy on March 10, 2021. The docket reflects that Medical Synergy failed to file an answer within 21 days of service. This Court thereafter issued an Order to Show Cause on April 16, 2021, in which it directed Cooperative Medical to submit an appropriate application for entry of default and an affidavit in support thereof within 14 days of the date of the Order. (Doc. No. 5.)

On April 21, 2021, Cooperative Medical filed an Application for Entry of Default by Clerk "on the basis that the record in this case demonstrates that there has been a failure to defend as provided by Fed. [R.] Civ. [P.] 55(a)." (Doc. No. 6 at 1.) Default was entered the following day.[1] (Doc. No. 9.)

---

[1] Plaintiff has not yet filed a Motion for Default Judgment against Defendant because the class must be certified prior to moving for default judgment against Defendant on behalf of the entire class. Plaintiff has nonetheless completed the requisite first step under Fed. R. Civ. P. 55(a) of obtaining an entry of default by the clerk. *See, e.g.*, *Hartman v. Lowry*,

Meanwhile, Cooperative Medical filed the two motions *sub judice*: the Motion for Class Certification (Doc. No. 7) and the Motion to Proceed with Class Discovery (Doc. No. 8.) Because Medical Synergy is in default, it has not filed any oppositions to the instant motions, and they are ripe for decisions.

## II.     Analysis

As an initial matter, the Court notes that "the Clerk's entry of default in this case is no barrier to certification of the Plaintiff's proposed class." *Heinz v. Dubell Lumber Co.*, No. 19-8778, 2020 WL 1030785, at *1 (D.N.J. Mar. 30, 2020). *See also Toler v. Glob. Coll. of Nat. Med.*, No. 13-10433, 2015 WL 1611274, at *3 (E.D. Mich. Apr. 10, 2015) ("In cases where a Defendant has failed to appear, a Clerk's entry of default has not been held to prevent the Court from considering whether to certify a class prior to the entry of a default judgment against a Defendant.") (citations omitted); *Lap Distribs., Inc. v. Glob. Contact-Int'l Publ'g Corp.*, No. 19-6317, 2020 WL 1616505, at *2 (D.N.J. Apr. 1, 2020); *Cortes v. Nat'l Credit Adjusters, LLC*, No. 2:16-00823, 2017 WL 3284797, at *2 (E.D. Cal. Aug. 2, 2017). As another Court in this District recently explained:

> [A] clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because any other conclusion might give defendants an incentive to default in situations where class certification seems likely. To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages. A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met.

*Lehman v. Calls After Hours, LLC*, No. 1:18-cv-2601-SO, 2019 WL 8405591, at *1 (N.D. Ohio Aug. 16, 2019).

---

No. 4:20-cv-2752, 2021 WL 1246864, at *8 (N.D. Ohio Mar. 26, 2021) ("Securing a default judgment is a two-step process under Fed. R. Civ. P. 55. First, under subsection a. . . . the clerk must enter the party's default.") (emphasis omitted).

3

Because the Defendant has defaulted, "the factual allegations in the complaint, except those related to the amount of damages, are deemed true." *Barnett v. E-Waste Systems, Inc.*, No. 1:14-cv-908, 2015 WL 1757302, at *3 (S.D. Ohio Apr. 17, 2015) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). Moreover, several courts have held that "[t]his doctrine extends to specific allegations relating to the prerequisites for class certification under Federal Rule 23." *Lehman,* 2019 WL 8405591, at *1. *See also Juan Canizales Conde v. City Compassionate Caregivers, Inc*., No. CV-20-5302, 2020 WL 9259837, at *2 (C.D. Cal. Nov. 10, 2020) ("'[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,' including specifically allegations relating to the prerequisites for class certification under Federal Rule 23.") (quoting *Jackson v. Paycron, Inc*., No. 8:19-CV-00609, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019)).

Accordingly, the Court will proceed to consider Plaintiff's Motion for Class Certification, below.

### A.      Plaintiff's Motion for Class Certification

To obtain class certification under Fed. R. Civ. P. 23, Plaintiff must show that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "These four requirements—numerosity, commonality, typicality, and adequate representation—serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members." *In re Whirlpool Corp. Front-Loading Washer Prods.*

4

*Liab. Litig.*,722 F.3d 838, 850 (6th Cir. 2013). *See also Zehentbauer Family Land, LP v. Chesapeake Expl., LLC*, 935 F.3d 496, 503 (6th Cir. 2019). In addition to the four Rule 23(a) factors for class certification, "the Sixth Circuit has implied a Rule 23 ascertainability requirement. Under this requirement, 'the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class.'" *Humphrey v. Stored Value Cards*, No. 1:18-cv-1050, 2018 WL 6011052, at *5 (N.D. Ohio Nov. 16, 2018) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012)).

In addition to fulfilling the four prerequisites of Rule 23(a), the proposed class must also meet at least one of the three requirements listed in Rule 23(b). *In re Whirlpool*, 722 F.3d at 850. *See also Young*, 693 F.3d at 537. Here, Plaintiff seeks class certification under Rule 23(b)(3), which requires the district court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members" and that the class action is "superior to other available methods" to adjudicate the controversy fairly and efficiently. *In re Whirlpool*, 722 F.3d at 850-51 (quoting Fed. R. Civ. P. 23(b)(3)). Plaintiff carries the burden to prove that the class certification prerequisites are met. *Id.* at 851. Further, Plaintiff, as class representative, is "required to establish that [it] possess[es] the same interest and suffered the same injury as the class members it seek[s] to represent." *Id.*

"[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citations and internal quotation marks omitted). Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" *Id.* at 33-34 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). "That is so because the 'class determination generally involves

considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.* at 34 (quoting *Dukes*, 564 U.S. at 351). Yet this rigorous analysis is not, however, a "license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). *See also Zehentbauer Family Land*, 935 F.3d at 503.

"A district court has broad discretion to decide whether to certify a class." *Hicks v. State Farm Fire and Cas. Co.*, 965 F.3d 452, 457 (6th Cir. 2020) (internal citation and quotation marks omitted). *See also In re Whirlpool*, 722 F.3d at 850. The Court will proceed with analyzing the Rule 23(a) and 23(b)(3) factors.

### 1.  Implied Requirement of Ascertainability

"Before a court may certify a class pursuant to Rule 23, 'the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class.'" *Young*, 693 F.3d at 537-38 (citing 5 James W. Moore et al., *Moore's Federal Practice* § 23.21[1] (Matthew Bender 3d ed. 1997)); *see also Cole v. City of Memphis*, 839 F.3d 530, 541 (6th Cir. 2016) ("Although Rule 23(a) has no express ascertainability requirement, many courts, including our own, have held that it is an implicit requirement of class certification."). "'[T]he court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria.'" *Young*, 693 F.3d at 538 (quoting *Moore's Federal Practice* § 23.21[3]).

"In the context of the TCPA, where fax logs have existed listing each successful recipient by fax number, our circuit has concluded that such a 'record in fact demonstrates that the fax numbers are objective data satisfying the ascertainability requirement.'" *Sandusky Wellness Ctr., LLC v. ASD*

*Specialty Healthcare, Inc.*, 863 F.3d 460, 471 (6th Cir. 2017) (quoting *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014)).

As noted above, Plaintiff herein proposes the following definition of a putative class for certification:

> All persons in the United States who received a facsimile from or on behalf of Defendant advertising its services and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant, within the four years prior to the filing of the Complaint until the class is certified.

Plaintiff alleges in its Class Action Complaint that although the "exact number of class members is unknown and is not available to Plaintiff at this time . . . the Class likely consists of thousands of individuals and businesses . . . [and] class members can be easily identified through Defendant's or its agents' records." ( Doc. No. 1 at ¶ 19.) Plaintiff argues in its Motion that such a definition is "specific and clear, such that the parties and the Court can readily determine from Defendant['s] practices, its records, and the records of any fax service provider, whether a particular individual is a member of each class." (Doc. No. 7 at 5.)

As the Defendant is in default and the factual allegations in the complaint are deemed true, the Court deems admitted Plaintiff's allegation that "class members can be easily identified through Defendant's or its agents' records." (Doc. No. 1 at ¶ 19.) Moreover, the Court agrees with Plaintiff that its class definition is sufficiently specific and clear. The Court, therefore, finds that the putative class is readily ascertainable through objective criteria. Accordingly, the Court finds that Plaintiff has conditionally established the implied requirement of ascertainability of the class.

## 2.  Numerosity

In order to establish numerosity, a plaintiff must demonstrate that the putative class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no strict

numerical test for determining impracticability of joinder." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976)). However, several courts have found that "[g]enerally, the numerosity requirement is fulfilled when the number of class members exceeds forty." *Phillips v. Philip Morris Cos. Inc.*, 298 F.R.D. 355, 362 (N.D. Ohio 2014); *see also Appoloni v. United States*, 218 F.R.D. 556, 561 (W.D. Mich. 2003). Although "the exact number of class members need not be pleaded or proved, impracticality of joinder must be positively shown, and cannot be speculative." *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001) (quotation and citations omitted).

Here, Plaintiff acknowledges that the "exact number of class members is unknown" at this time but alleges that "because Defendant has chosen unsolicited facsimiles as a marketing strategy and this strategy requires contacting hundreds if not thousands of the individuals/businesses, the Class likely consists of thousands of individuals and businesses." (Doc. No. 1 at ¶ 19.) Taking this factual allegation as true, the Court finds that the number of plaintiffs in the putative class is so large that joinder would be impractical. Accordingly, the numerosity of the class is conditionally satisfied.

### 3. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The Sixth Circuit has explained the commonality factor as follows:

> A class action may be maintained if "there are questions of law or fact common to the class" and the plaintiffs' claims "are typical of the claims...of the class." Fed. R. Civ. P. 23(a)(2) & (a)(3). To demonstrate commonality, plaintiffs must show that class members have suffered the same injury. *Dukes*, 131 S. Ct. at 2551. "Their claims must depend upon a common contention...of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* This inquiry focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit. *Id.*

8

*In re Whirlpool*, 722 F.3d at 852. Commonality is "not required on every question raised in a class action." *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 183 (S.D. Ohio 2012). "Commonality does not require that all class members share identical claims and facts. Rather, plaintiff must demonstrate the existence of 'a single issue common to all members of the class." *Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389, 392 (N.D. Ohio 2012) (quotation and citations omitted).

Cooperative Medical identifies seven common questions of fact and law and alleges that "these questions predominate over any questions that may affect individual members of the Class." (Doc. No. 1 at ¶ 20.) For example, "[w]hether Defendant sent the attached fax or had it sent on its behalf;" and "[w]hether Defendant's conduct constitutes a violation of the TCPA." (*Id.*) The Court finds that the common questions would apply to the putative class members and that Plaintiff has conditionally met the commonality element.

### 4. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality is met if the class members' claims are "fairly encompassed by the named plaintiffs' claims." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (*en banc*) (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082). This requirement ensures that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members. *Id.* Stated differently, "[a] claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082).

9

"[P]laintiffs must show that their injury arises from or is directly related to a wrong to the class, and that wrong includes the wrong to the plaintiff." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 572 (6th Cir. 2004) (internal citations omitted). The "two concepts of commonality and typicality 'tend to merge' in practice because both of them 'serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *In re Whirlpool*, 722 F.3d at 853 (quoting *Dukes*, 131 S. Ct. at 2551 n. 5).

Cooperative Medical alleges that its "claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions." (Doc. No. 1 at ¶ 21.) Cooperative Medical's claims arise from the same alleged common practice and conduct of Defendant—the sending of unsolicited marketing facsimiles. (*See id.*) The Court takes Plaintiff's allegations as true that Cooperative Medical's claims regarding violation of the TCPA are identical to the claims of the putative class. As such, the typicality requirement is conditionally satisfied.

### 5.  Adequacy

Rule 23(a)(4) provides that "the representative parties will fairly and adequately protect the interests of the class." As to adequacy of representation, the Court considers two factors: "(1) The representative must have common interests with the unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525. *See also Young*, 693 F.3d at 543; *Kritzer v. Safelite Sols., Inc.*, No. 2:10-cv-0729, 2012 WL 1945144, at *4 (S.D. Ohio May 30, 2012). Put another way, courts "review[]

the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (citation omitted). Adequate class representation is essential due to the preclusive nature of a class action judgment. *See Elkins v. American Showa, Inc.*, 219 F.R.D. 414, 419 (S.D. Ohio 2002).

With regard to the first element of adequacy, Cooperative Medical asserts that it "will fairly and adequately represent and protect the interests of the Class" and that "Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff." (Doc. No. 1 at ¶ 22.) Cooperative Medical argues in its Motion that its complaint "evidences a desire to prosecute the class interests . . . [i]t has no relationship with Defendant, except as the lead Plaintiff . . . [and] there is nothing in the record to suggest that Cooperative Medical's interests conflict at all with the class." (Doc. No. 7 at 10.) Further, Cooperative Medical contends that its interests are adverse to those of Medical Synergy, "allowing it to vigorously pursue the claims of the class." (*Id.*)

As to the second element of adequacy, Plaintiff alleges that it "has retained counsel competent and experienced in complex litigation and class actions involving TCPA cases" and that "Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and they have the financial resources to do so." (Doc. No. 1 at ¶ 22.) Plaintiff argues in its Motion that the proposed class counsel of Attorney Ronald Frederick and the firm of Frederick & Berler, LLC, "have extensive consumer and class action experience" and "have successfully litigated numerous class action cases from inception to conclusion." (Doc. No. 7 at 8-10.) As noted *supra*, Medical Synergy has not opposed Plaintiff's Motion or otherwise challenged the adequacy of proposed class counsel. Upon review, and in light of the lack of opposition, the Court finds that the

11

interests of the class will be vigorously prosecuted through counsel that is well qualified in consumer and class action litigation such as the case at bar. *See Senter*, 532 F.2d at 525.

The Court finds that Plaintiffs have conditionally established the adequacy of representation requirement.

### 6. Rule 23(b)(3): Predominance and Superiority

Having found the prerequisites of Fed. R. Civ. P. 23(a) to be conditionally met, the Court must next determine whether the proposed class action fits under one of the categories specified in Rule 23(b). Here, Plaintiffs invoke Rule 23(b)(3), which allows a class action to be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court will address the predominance and superiority requirements separately, below.

### a. Predominance

The predominance inquiry under Rule 23(b)(3) focuses on whether the proposed class is "sufficiently cohesive" to warrant class action treatment. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The Supreme Court has held that this inquiry must focus on common questions that can be proved through evidence common to the class. *Amgen Inc*, 568 U.S. at 466-67. Specifically, and as the Sixth Circuit recently explained:

> To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." [*Young*, 693 F.3d at 544] (quoting *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011)). A class may be certified based on a predominant common issue "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1778, at 123–24 (3d ed. 2005). In *Young v. Nationwide Mutual Insurance*

12

*Co.*, we explained "the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones." 693 F.3d at 544 (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007)). And in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, we concluded that "when adjudication of questions of liability common to the class will achieve economies of time and expense, the predominance standard is generally satisfied even if damages are not provable in the aggregate." 722 F.3d at 850 (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 41, 133 S. Ct. 1426, 185 L.Ed.2d 515 (2013) (Ginsburg, J., dissenting)).

Although "individual damages calculations do not preclude class certification under Rule 23(b)(3)," *In re Whirlpool*, 722 F.3d at 850, a court must ensure at the class-certification stage that plaintiffs' formula calculates damages based only on their theory of liability, *Rikos v. P&G Co.*, 799 F.3d 497, 523 (6th Cir. 2015).

*Hicks*, 965 F.3d at 460. In sum, a plaintiff class need not prove that each element of a claim can be established by class-wide proof: "What the rule does require is that common questions 'predominate over any questions affecting only individual [class] members.'" *Amgen Inc.*, 568 U.S. at 466-67. *See also In re Whirlpool*, 722 F.3d at 858; *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

Here, Cooperative Medical identifies seven common questions of fact and law and alleges that "these questions predominate over any questions that may affect individual members of the Class." (Doc. No. 1 at ¶ 20.) Moreover, in its Motion, Cooperative Medical argues that in this case, "there are no significant individual issues" because "[a]ll issues revolve around what Cooperative Medical alleges are a common practice and standardized conduct engaged in by Medical Synergy during its marketing campaign." (Doc. No. 7 at 12.) Specifically, Medical Synergy is alleged to have sent facsimiles to recipients with whom Medical Synergy had no prior business relationship, that it sent such faxes without receiving consent, and that it did not provide opt-out language in the fax. (Doc. No. 1 at ¶¶ 12, 14, 15, 17, 18.) The Court finds that, at this time, there do not appear to be any significant individual questions of fact or law. The Court, therefore, finds Plaintiff's argument well-

taken that factual and legal questions relating to the alleged TCPA violations predominate over any individual questions. Accordingly, the Court concludes that the predominance requirement of Rule 23(b)(3) has been conditionally satisfied.

### b.  Superiority

Rule 23(b)(3) also requires that class litigation be superior to other available methods in fairly and efficiently adjudicating the controversy. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Young*, 693 F.3d at 545 (quoting *Amchem Prods., Inc.*, 521 U.S. at 617). In assessing superiority, courts consider "the difficulties likely to be encountered in the management of a class action." *Beattie*, 511 F.3d at 567 (quoting Fed. R. Civ. P. 23(b)(3)). Courts also look to the purpose of class action litigation. *Hicks*, 965 F.3d at 464. "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device." *Young*, 693 F.3d at 545 (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980)).

"Cases alleging a single course of wrongful conduct are particularly well-suited to class certification." *Hicks*, 965 F.3d at 464 (quoting *Powers*, 501 F.3d at 619). A class action is not a superior form of adjudication, however, where many individual inquiries are necessary. *Id.* "But, as with predominance, superiority can be satisfied 'even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Id.* (quoting 7AA Wright, Miller & Kane, *Federal Practice and Procedure* § 1778, at 123–24).

14

"[T]he TCPA provides an example of a so-called 'negative value suit,' where the time, expense, and effort of bringing a claim of a single violation of the statute will not be worth the payoff to many litigants, ultimately chilling enforcement of the law if class actions cannot be brought." *Avio, Inc. v. Alfoccino, Inc.*, 311 F.R.D. 434, 446 (E.D. Mich. 2015). *See also Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, No. 1:09-CV-1162, 2012 WL 3027953, at *4 (W.D. Mich. July 24, 2012), *aff'd*, 757 F.3d 540 (6th Cir. 2014) ("This type of case weighs in favor of the class action as a superior device. Under the TCPA, the maximum recovery for each class member is $1500 . . . . Hence, individual class members are unlikely to litigate TCPA claims.").

Here, Cooperative Medical alleges that "[t]his case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class, the relatively small individual recovery, and the costs of litigation." (Doc. No. 1 at ¶ 23.)  In its Motion, Cooperative Medical argues that "individual class members would have little interest in pursuing separate actions, because of the small amount of potential damages available to each class member for violations." (Doc. No. 7 at 13.) In addition, Plaintiff alleges that "because this case revolves around specific and extremely limited violations of the law, no class management problems are foreseeable or likely." (*Id.* at 14.) Based on the above, and the lack of opposition, the Court finds that Plaintiff has conditionally established the superiority of the class action for fairly and efficiently adjudicating the controversy.

In sum, because the Defendant is in default, the Court has taken the allegations in Plaintiff's Complaint as true. The Court finds that Plaintiff has conditionally established the four class action prerequisites of Rule 23(a) and the implied requirement of ascertainability. Further, Plaintiff has established the predominance and superiority elements of Rule 23(b)(3). The Court therefore certifies

the putative class on a conditional basis, subject to Plaintiff undertaking further discovery into the exact size and nature of the class, and Plaintiff filing a subsequent motion in the future for final class certification.

**B.**      **Plaintiff's Motion to Proceed with Class Discovery**

Also pending is Plaintiff's Motion to Proceed with Class Discovery (Doc. No. 8). Therein, Plaintiff argues that the Court should "appropriately rule on its Motion for Class Certification and allow the case to proceed with discovery, prior to requiring Cooperative Medical to fil[e] a motion for default judgment." (Doc. No. 8 at 3.) Cooperative Medical does not provide any detail or explanation regarding the nature or scope of the discovery it seeks to conduct.

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(d)(1). However, a court may authorize early discovery "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). *See also Obeidallah v. Anglin*, No. 2:17-cv-720, 2018 WL 8415412, at *1 (S.D. Ohio Aug. 20, 2018) (noting that "Rule 26(d) vests the district court with discretion to order expedited discovery."). Courts typically require a party moving for early discovery to demonstrate good cause. *See id. See also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.")

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). *See also*

16

*Obeidallah*, 2018 WL 8415412, at *2. "Courts consider several factors in determining if good cause exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc. v. Does 1–20*, No. 1:16-cv-914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10-cv-00314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010).

Courts have allowed limited, expedited discovery when failing to do so would substantially impact the case from progressing on the court's docket. *See, e.g.*, *Antoine v. Boutte*, No. 15-561, 2016 WL 6138252, at *3 (M.D. La. Oct. 20, 2016); *Sheridan v. Oak Street Mortg.*, 244 F.R.D. 520 (E.D. Wis. 2007). This includes situations where a defendant is in default and the plaintiff cannot pursue its claims, absent limited discovery to obtain information relevant to the issue of damages. *See, e.g.*, *Sheridan*, 244 F.R.D. at 522 (authorizing the plaintiff to seek limited discovery from defaulting defendant); *Cstechus, Inc. v. NorthernZone, LLC*, No. 21-cv-00122, 2021 U.S. Dist. LEXIS 101689, at *1 (S.D. Cal. May 28, 2021) (allowing limited, expedited discovery regarding damages where defendant was in default); *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017) ("Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages.").

Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery. *See Obeidallah*, 2018 WL 8415412, at *2 (citing *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009)).

For the following reasons, the Court finds that Cooperative Medical has failed to sufficiently demonstrate good cause. Cooperative Medical devotes the majority of its Motion to arguing that, when a defendant has failed to appear in a putative class action case, a court should rule on class certification first and allow the case to proceed to discovery prior to requiring the filing of a motion for default judgment.  At no point in its Motion, however, does Cooperative Medical address the three factors set forth above for establishing good cause to conduct limited expedited discovery. Nor does Cooperative Medical provide any detail regarding who it proposes to seek discovery from; the nature and scope of any proposed discovery; and/or the amount of time it would need to conduct such discovery. While the Court agrees generally that discovery would substantially contribute to moving the case forward in light of Medical Synergy's failure to appear, here, Cooperative Medical has simply failed to properly support its request for class discovery.

That being said, the Court recognizes that "[i]t would be unjust to prevent Plaintiff from attempting to demonstrate the elements for [final] certification of a class without the benefit of discovery, due to Defendant [Medical Synergy's] failure to participate in this case." *Leo v. Classmoney.net*, No. 18-cv-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019).  Before the Court will grant leave to conduct class discovery, however, Cooperative Medical must provide sufficient detail as to the discovery being sought.

Accordingly, Cooperative Medical's Motion to Proceed with Class Discovery (Doc. No. 8) is denied without prejudice at this time. By no later than fourteen (14) days from the date of this Order, Plaintiff may refile its Motion, but if it chooses to do so, it should include greater specificity regarding (1) the entities from whom Plaintiff intends to seek discovery; (2) the discovery that Plaintiff will

18

propound—i.e., interrogatories, subpoenas, etc.; (3) the nature and scope of the discovery requests; and (4) how much time Plaintiff requires to complete discovery.

### III.     Conclusion

Accordingly, and for all the reasons set forth above, Plaintiff's Motion for Class Certification (Doc. No. 7) is CONDITIONALLY GRANTED. Plaintiff's Motion to Proceed with Class Discovery (Doc. No. 8) is DENIED WITHOUT PREJUDICE subject to refiling, as set forth above.

**IT IS SO ORDERED.**


        *s/ Pamela A. Barker*
        PAMELA A. BARKER
Date:  August 26, 2021        U.S. DISTRICT JUDGE

19