## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **COOPERATIVE MEDICAL HEALTH CARE CORPORATION, P.A.,** *On behalf of itself and all others similarly situated*, | **Case No. 1:21-cv-00046-PAB** |
| **Plaintiffs** | |
| **v.** | |
| **MEDICAL SYNERGY, INC.,** | **JUDGE PAMELA A. BARKER** **MEMORANDUM OPINION & ORDER** |
| **Defendant** | |

Currently pending before the Court is Plaintiff Cooperative Medical Health Care Corporation, P.A.'s Supplemental Motion to Proceed with Class Discovery.  (Doc. No. 11.)  For the reasons set forth herein, Plaintiff's Supplemental Motion to Proceed with Class Discovery is GRANTED.

## I.      Factual Allegations and Procedural Background

On January 8, 2021, Plaintiff Cooperative Medical Health Care Corporation, P.A. ("Cooperative Medical") brought this action on behalf of itself and a nationwide putative class against Defendant Medical Synergy, Inc. ("Medical Synergy") for statutory damages resulting from alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*  (Doc. No. 1 at 1.)  Cooperative Medical alleges that on February 20, 2020, Medical Synergy sent an unsolicited facsimile to Plaintiff as part of a national marketing campaign.  (*Id.* at ¶¶ 11, 14.)  Cooperative Medical avers that it had no prior or existing business relationship with Medical Synergy nor did it give Medical Synergy its number or consent to be sent a fax.  (*Id.* at ¶ 12.)  Cooperative Medical

further alleges that this unsolicited fax transmission caused damage to it and members of a proposed

class, including, among other alleged harms, "monetary loss due to the costs of paper, ink and toner;

monetary loss due to work interruption and the loss of employee time to review the fax; . . . and

because a violation of the TCPA is itself a concrete injury." (*Id.* at ¶ 16.)

Plaintiff asserts a claim under 47 U.S.C. § 227(b)(1)(C) and seeks to bring this action on

behalf of the following class:  "All persons in the United States who received a facsimile from or on

behalf of Defendant advertising its services and who had no ongoing business relationship with

Defendant and had not given consent to receive facsimiles from defendant, within the four years prior

to the filing of the Complaint until the class is certified." (*Id.* at ¶¶ 18, 24-30.)

On March 19, 2021, Cooperative Medical filed a return of service on the docket (Doc. No. 3),

indicating that personal service was executed upon Medical Synergy on March 10, 2021.  The docket

reflects that Medical Synergy failed to file an answer within 21 days of service.  This Court thereafter

issued an Order to Show Cause on April 16, 2021, in which it directed Cooperative Medical to submit

an appropriate application for entry of default and an affidavit in support thereof within 14 days of

the date of the Order. (Doc. No. 5.)

On April 21, 2021, Cooperative Medical filed an Application for Entry of Default by the Clerk

"on the basis that the record in this case demonstrates that there has been a failure to defend as

provided by Fed. [R.] Civ. [P.] 55(a)." (Doc. No. 6 at 1.) Default was entered the following day. [1]

(Doc. No. 9.)

---

[1] Plaintiff has not yet filed a Motion for Default Judgment against Defendant because the class must be certified prior to moving for default judgment against Defendant on behalf of the entire class. Plaintiff has nonetheless completed the requisite first step under Fed. R. Civ. P. 55(a) of obtaining an entry of default by the clerk. *See, e.g.*, *Hartman v. Lowry*, No. 4:20-cv-2752, 2021 WL 1246864, at *8 (N.D. Ohio Mar. 26, 2021) ("Securing a default judgment is a two-step

Cooperative Medical then filed a Motion for Class Certification (Doc. No. 7) and a Motion to Proceed with Class Discovery (Doc. No. 8.)  On August 26, 2021, the Court conditionally granted Cooperative Medical's Motion for Class Certification and denied without prejudice Cooperative Medical's Motion to Proceed with Class Discovery, subject to Cooperative Medical refiling that motion.  (*See* Doc. No. 10 at PageID# 61-64.)  On September 21, 2021, Cooperative Medical filed the instant Supplemental Motion to Proceed with Class Discovery.  Defendant Medical Synergy is in default, and has not filed any opposition thereto.  The motion is ripe for a decision.

## II.    Analysis

In accord with the Court's Memorandum Opinion and Order of August 26, 2021 (Doc. No. 10), Cooperative Medical has supplemented and refiled its Motion to Proceed with Class Discovery. Therein, Cooperative Medical has addressed the factors that courts consider when determining if good cause exists for allowing early discovery.  (*See* Doc. No. 11 at PageID# 65-66.)  Cooperative Medical has also set forth the nature and scope of its proposed discovery requests and included an exhibit of the discovery requests it seeks to propound upon Medical Synergy.  (*See id.* at PageID# 66-68 & Ex. 1 at PageID# 70-83.)

As set forth in the Court's August 26, 2021 Memorandum Opinion and Order[2], when addressing the need for expedited discovery, "[c]ourts consider several factors in determining if good cause exists, including: (1) the danger that the information sought will be lost or destroyed, (2)

---

process under Fed. R. Civ. P. 55. First, under subsection a. . . . the clerk must enter the party's default.") (emphasis omitted).

[2] Doc. No. 10, PageID# 62.

whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc. v. Does 1–20*, No. 1:16-cv-914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016).  As Medical Synergy is in default and has not responded to the Complaint or any of the motions in the case, it has made no argument that it would be prejudiced by granting Cooperative Medical early discovery.  The Court finds that Cooperative Medical has demonstrated good cause for obtaining leave to proceed with class discovery.

First, Cooperative Medical argues that there is danger that the information it seeks could be lost or destroyed.  "[Medical Synergy] has proved itself to be a recalcitrant defendant without regard to this Court[] by refusing to respond to the complaint.  As such, a significant risk exists that if Cooperative Medical is not permitted to conduct discovery now, [Medical Synergy's] records will be lost." (Doc. No. 11 at PageID# 66.)  The Court finds that this factor weighs in favor of good cause for granting Cooperative Medical leave to proceed with class discovery.

Second, the Court finds that granting Cooperative Medical leave to proceed with discovery will substantially contribute to the case moving forward.  As the Court found in its previous opinion granting conditional class certification, ascertaining the identity of class members will require discovery.  (*See* Doc. No. 10 at PageID# 51-52.)  *See, e.g.*, *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 471 (6th Cir. 2017) ("In the context of the TCPA, where fax logs have existed listing each successful recipient by fax number . . . fax numbers are objective data satisfying the ascertainability requirement.'" (citation omitted)).  The Court finds that granting leave to proceed with discovery will substantially contribute to moving this case forward, as "fax records and evidence of the identity of class members are prerequisites to the next stage[s] of this proceeding"—namely, final certification of the proposed class and a motion for default judgment

4

against the Defendant.  (*See* Doc. No. 11 at PageID# 66.)  By failing to appear, Defendant has effectively prevented Cooperative Medical from conducting a Rule 26(f) conference and initiating discovery.  Cooperative Medical, therefore, has no option for obtaining information regarding the identity of the putative class or potential damages other than to proceed with discovery.

Lastly, the Court finds the scope of the information Cooperative Medical seeks in its proposed discovery to be reasonable and that this weighs in favor of granting leave to proceed with discovery. In the Court's prior Order, it directed Cooperative Medical to "include greater specificity regarding (1) the entities from whom Plaintiff intends to seek discovery; (2) the discovery that Plaintiff will propound—i.e., interrogatories, subpoenas, etc.; (3) the nature and scope of the discovery requests; and (4) how much time Plaintiff requires to complete discovery."  (Doc. No. 10 at PageID# 63-64.) The Court finds that Cooperative Medical has now set forth the above with the requisite specificity and that the scope of the discovery is proper.

As to item (1), Cooperative Medical asserts that the primary entity from whom it intends to seek discovery is Medical Synergy, but that it anticipates "the need to subpoena any discovered contractors and subcontractors" that Medical Synergy may have used in sending out its facsimile advertisement.  (Doc. No. 11 at PageID# 66-67.)  In addition, Cooperative Medical anticipates subpoenaing "telecommunication records related to fax numbers known to be used by [Medical Synergy]." (*Id.* at PageID# 67.)  The Court finds the entities from whom Cooperative Medical intends to seek discovery to be reasonable.  Regarding item (2), the Court finds that the specific discovery that Cooperative Medical intends to propound is also reasonable.  In its attached Exhibit 1, Cooperative Medical sets forth the discovery to be propounded upon Medical Synergy, including 17

Interrogatories, 9 Requests for Production of Documents, and 17 Requests for Admission.  (*See id.* at PageID# 70-83.)  Cooperative Medical also anticipates deposing a Medical Synergy representative

and represents that any third-party subpoenas "will focus on correspondence, retainer agreements, billing, and fax records."  (*Id.* at PageID# 67.)  As to item (3), the Court finds that the nature and scope of the discovery requests Cooperative Medical intends to serve are proper.  The interrogatories, requests for production, and requests for admission are targeted in scope to glean relevant information from Medical Synergy.  (*See id.* at Ex. 1, PageID# 70-83.)  Because Cooperative Medical will likely file a Motion for Default Judgment and needs to establish damages, "facts about processes and procedures for selecting fax recipients" and other information "beyond simple fax lists" is necessary to identify class members and prove damages.  (*Id.*)  Finally, as to the timing of discovery under item (4), Cooperative Medical requests six months to complete its discovery.  (*Id.* at PageID# 68.)  As Medical Synergy is in default, Cooperative Medical anticipates that Medical Synergy "will ignore the discovery requests" and that motions to compel or show cause may be necessary.  Further, Cooperative Medical asserts that it will need time to subpoena identified third parties, enforce those subpoenas, and conduct any necessary depositions.  (*Id.* at PageID# 67-68.)  The Court finds the six-month time period reasonable for Cooperative Medical to complete the discovery, inclusive of any attendant motions, hearings, and depositions.

The Court concludes that Cooperative Medical has shown good cause for leave to proceed with class discovery.

6

**II.     Conclusion**

Accordingly, and for all the reasons set forth above, Plaintiff's Supplemental Motion to Proceed with Class Discovery (Doc. No. 11) is GRANTED.  Plaintiff is granted six months from the date of this order to complete its requested discovery, including the filing of any motions related thereto.

**IT IS SO ORDERED.**


                                                          _s/ Pamela A. Barker_____
                                                          PAMELA A. BARKER
Date:  October 4, 2021                    U.S. DISTRICT JUDGE

7